IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
OCT 28 2014
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES OF AMERICA,

        v.                                    14-M-2096

TIER NY, LLC

                    Defendant.

## PLEA AGREEMENT

The defendant, TIER NY, LLC ("TIER"), and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set forth below.

## I. THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to a one count Misdemeanor Information charging a violation of Title 42, United States Code, Section 7413(c)(4) (negligent endangerment under the Clean Air Act), for which the maximum sentence is a fine of $200,000, a mandatory $125 penalty assessment, and a possible term of probation of up to 5 years.

2.    Pursuant to Title 18, United States Code, Section 3563(b)(2), the parties agree that the Court may order restitution for the full amount of any victim's compensable losses as determined by the Court as a condition of probation. The defendant reserves its right to object to a request for restitution made by the victims, but the defendant understands that

the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court. It is the understanding of the parties that currently no person is seeking restitution in this matter.

3.     The defendant represents that it is a single member New York limited liability company, managed by its sole member TIER Holdings, LLC. As authorized signer on behalf of the defendant, pursuant to a Resolution, Peter A. Massaro has full authority to act on behalf of TIER in entering into this plea agreement. A copy of the Resolution authorizing Mr. Massaro to enter into this plea agreement on behalf of defendant is attached to this plea agreement and marked Exhibit A.

## II. ELEMENTS AND FACTUAL BASIS

4.     The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.     The defendant negligently released a hazardous air pollutant;

   b.     The release was into the ambient air; and

   c.     The release negligently placed another person in imminent danger of death or serious bodily injury.

## FACTUAL BASIS

5.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

2

a.   Defendant TIER NY, LLC ("TIER"), is a New York Limited Liability Company with a principal place of business of 33 South Hyde Park Blvd., Niagara Falls, New York, and is engaged in the business of cleaning RCRA-empty vessels, including vessels that last contained titanium tetrachloride.

b.   Titanium tetrachloride is a volatile compound that reacts with water to form hydrochloric acid gas. Hydrochloric acid gas is a listed hazardous air pollutant under the Clean Air Act.

c.   As part of TIER's process for cleaning titanium tetrachloride vessels, TIER introduces sodium hydroxide, a caustic solution, into the vessel to neutralize the titanium tetrachloride. However, due to the reactivity of titanium tetrachloride with water, the caustic solution that is introduced must have a minimum concentration of 25% sodium hydroxide and a maximum concentration of 75% water.

d.   On June 11, 2013, TIER employees cleaned a vessel that last contained titanium tetrachloride. During the cleaning process, TIER employees introduced a caustic solution with an unverified concentration of sodium hydroxide and water into the vessel and negligently caused the release of an unknown quantity of hydrochloric acid gas. The vapor, which included an unknown and unverified concentration of hydrochloric acid gas, was uncontained and travelled to an adjacent business, which negligently placed other people in imminent danger of death or serious bodily injury.

## III.   SENTENCING GUIDELINES

6.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

7.      The government and the defendant agree that Guideline §8C2.10 applies for the offense of conviction and therefore the Court should determine an appropriate fine by applying the provisions of 18 U.S.C. §§ 3553 and 3571.

8.     Notwithstanding the above, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the Court at the time of sentencing:

    a.   Place the defendant on probation for two (2) years, during which time it shall comply with all local, state, and federal laws. In addition, the defendant shall be required to:

    i) Make $25,000 in capital improvements, including engineering and design, relating to environmental compliance within the first 18 months of probation. In addition to any notice required to be made to the New York State Department of Environmental Conservation (NYS-DEC), the defendant shall be required to document, in writing, any capital improvements it intends to make to the Probation Department 14 days prior to making the capital improvement, and must supply all supporting documentation regarding the cost, purpose, or scope of the capital improvement if requested by the Probation Department. The Probation Department may consult with the NYS-DEC regarding the capital improvement and may determine that such capital improvement does not qualify toward the required amount to be expended and will then advise TIER of such.

    ii) Develop and institute an environmental training program ("Training Program") acceptable to the Probation Department. The Training Program shall at a minimum provide an overview of the pertinent environmental statutes and regulations, and shall be provided to all current employees within 60 days of being approved by Probation, and shall be provided to all new employees within 7 days of being hired.

    b.     Impose a criminal fine of $25,000.

    c.     Impose a $125 special assessment.

If, after reviewing the pre-sentence report the court rejects this agreement, the parties will be relieved of their obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty.

4

## IV. STATUTE OF LIMITATIONS

9.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to violations of the Clean Air Act which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

10.     The defendant understands that the government has reserved the right to:

   a.     provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b.     respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c.     advocate for a specific sentence consistent with the terms of this agreement; and

   d.     modify its position with respect to any sentencing recommendation in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation.

5

11.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

12.     The defendant understands and agrees that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States.  The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

13.     The government agrees not to charge the defendant, or any other related persons or entities, with committing any other federal criminal offenses, known at the time of the execution of this agreement, related to the operations of the defendant or any other related persons or entities at 33 South Hyde Park Blvd., Niagara Falls, New York and based on the facts set forth in paragraph 5 of this agreement.  This agreement does not prohibit any other agency of the United States from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant, including, but not limited to, proceedings by the U.S. Environmental Protection Agency related to suspension and/or debarment.

6

## VI. **APPEAL RIGHTS**

14.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.   The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which is consistent with Section III, ¶8, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.


15.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.


16.     The government waives its right to appeal any component of a sentence imposed by the Court which is consistent with Section III, ¶8, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.  <u>TOTAL AGREEMENT AND AFFIRMATIONS</u>

17.     This plea agreement represents the total agreement between the defendant, TIER NY, LLC, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY:     _____
AARON J. MANGO
Assistant U.S. Attorney

Dated:  October 28 , 2014

8

The defendant, TIER NY LLC, by its authorized representative Peter A. Massaro, and, pursuant to a Resolution authorizing Mr. Massaro to act on behalf of the company, a copy of which is attached hereto as Exhibit A, hereby agrees to all the terms of this agreement. Furthermore, the defendant acknowledges that all the terms of this agreement, which consists of 9 pages, including this page, have been explained to defendant's representative, Mr. Massaro. The defendant has had a full opportunity to discuss this agreement with its attorney, Charles A. De Monaco, Esq. The defendant confirms that it represents the total agreement reached between itself and the government. No promises or representations have been made to the company or to any representative of the defendant other than what is contained in this agreement. The defendant fully agrees with the contents of this agreement. The defendant is signing this agreement voluntarily.


TIER NY, LLC                                              CHARLES A. DE MONACO, ESQ.

BY: _Peter A. Massaro_                          _Charles A. De Monaco_
Peter A. Massaro, on Behalf of Defendant     Attorney for the Defendant

Dated:  October _28_, 2014                    Dated:  October _28_, 2014

## TIER NY, LLC

ACTION OF THE SOLE MEMBER
BY CONSENT IN WRITING PURSUANT TO THE PROVISIONS OF
THE NEW YORK LIMITED LIABILITY COMPANY LAW

The undersigned, being the sole Member of TIER NY, LLC ("the "Company"), a limited liability company organized and existing under the laws of the State of New York, pursuant to the authority granted by the New York Limited Liability Company Law does hereby approve, consent to and adopt the following Preambles and Resolutions:

WHEREAS, the United States of America, through its counsel, William J. Hochul, Jr., United States Attorney for the Western District of New York, and Aaron J. Mango, Assistant United States Attorney, has asserted that the Company has committed a violation of Title 42, United States Code, Section 7413(c)(4) (negligent endangerment under the Clean Air Act); and

WHEREAS, the undersigned has discussed the relevant facts and nature of the offense alleged with defense counsel; and

WHEREAS, the attorneys for the Company have recommended that in order to resolve all claims made against it, the Company should plead guilty to a violation of Title 42, U.S.C., § 7413(c)(4) (negligent endangerment under the Clean Air Act), and enter into a written Plea Agreement in the form attached as Exhibit "A" hereto (hereinafter the "Plea Agreement"); and

WHEREAS, the Company, by and through the undersigned sole Member has determined that it would be in the best interest of the Company to resolve all claims made against it by entry of a guilty plea to a violation of 42 U.S.C. § 7413(c)(4).

NOW, THEREFORE, be it resolved, that the undersigned, as the sole Member of the Company, does hereby approve all terms of the Plea Agreement attached as Exhibit "A" hereto; and be it

FURTHER RESOLVED, that the Company's Secretary, Peter A. Massaro, is hereby designated as an authorized signatory for the Company ("Signatory") in connection with the Plea Agreement; and be it

FURTHER RESOLVED, that Signatory is specifically authorized and directed to execute the Plea Agreement on behalf of the Company and to

take all action as may be necessary in order to comply with all requirements and obligations of the Plea Agreement; and be it

FURTHER RESOLVED, that Signatory is authorized on behalf of the Company to execute, deliver and cause the performance of all ancillary documents as may be connected with the Plea Agreement; and be it

FURTHER RESOLVED, that Charles A. De Monaco, Esq. of Fox Rothschild LLP, counsel to the Company, is hereby authorized to execute the Plea Agreement and to appear in the United States District Court for the Western District of New York to enter the guilty plea pursuant to the Plea Agreement on behalf of the Company; and be it

FURTHER RESOLVED, that any and all conflict arising between the Company and its individual officers and the sole Member of the Company is hereby waived.

This Consent is executed in accordance with the New York Limited Liability Company Law and pursuant to the provisions set forth in the Operating Agreement of the Company.

For the purposes of this Consent an electronically transmitted copy containing a signature shall be deemed to contain an original signature.

MEMBER:

TIER HOLDINGS, LLC

By: _Peter A. Massaro_____
Peter A. Massaro, Secretary

Dated: _October 28_, 2014